SCHMID *v.* WEXFORD CIRCUIT JUDGE.

1. VENUE—CHANGE — STATUTE — CONSTRUCTION — SUCCESSIVE CHANGES.

A party is not entitled, as a matter of right, to more than one change of venue under Act No. 309, Pub. Acts 1905.

2. SAME—ADDITIONAL GROUNDS—PREJUDICE OF JUDGE.

Where, in applying for a change of venue under the act of 1905, relator did not set up the ground of prejudice of the judge, though he had knowledge thereof, and the court in granting the application changed the venue to another county in his own circuit, relator is not entitled to another change on the ground of prejudice of the judge.

Mandamus by Frederick Schmid to compel Clyde C. Chittenden, circuit judge of Wexford county, to vacate an order denying a change of venue.   Submitted May 26, 1906.   (Calendar No. 21,609.)   Writ denied July 3, 1906.

*B. M. Thompson,* for relator.

*D. G. F. Warner,* for respondent.

PER CURIAM.   Plaintiff made application for change of venue under Act No. 309, Pub. Acts 1905.   The respondent changed the venue to another county in his circuit, notwithstanding the suggestion of the relator's counsel that it be changed to some county other than one presided over by him.   After this change had been made from the county of Benzie to the county of Wexford, relator made an application on the ground of the prejudice of the presiding judge.   This motion was denied, and the relator now asks the writ of mandamus to compel an order for the change.

We think the relator is not entitled, as a matter of right, to more than one change of venue under the statute.   We cannot hold that the legislature intended to confer upon

a party litigant the right to successive changes of venue from one county to another.

It is, however, urged that the prejudice of the judge is sufficient for the second change, and that this was not sufficiently known to the relator in his first application. It was his duty to state in his first application all the causes he then had for asking the change. We think the record discloses that the reason for the present application was known to the relator when he made his first application.

The writ must therefore be denied.